IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,                    )
                                             )
                    Plaintiff,               )
                                             )          No. 3:12-CR-107
v.                                           )
                                             )          (PHILLIPS / SHIRLEY)
MICHAEL R. WALLI,                            )
MEGAN RICE, and                              )
GREG BOERTJE-OBED                            )
                                             )
                    Defendant.               )

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28

U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District

Court as may be appropriate.  This case came before the Court on September 7, 2012, for a motion

hearing on the Motion of the Defendant Megan Rice for a Continuance [Doc. 26], Motion to

Continue [Doc. 27] by Defendant Greg Boertje-Obed, and Motion to Adopt Co-defendant Rice's

Motion to Continue [Doc. 28].  Assistant United States Attorneys Melissa M. Kirby and Jeffrey E.

Theodore appeared on behalf of the Government.  Attorney Christopher Scott Irwin represented

Defendant Michael Walli.  Attorney Francis L. Lloyd, Jr., represented Defendant Rice.  The Court

**GRANTED** Defendant Walli's motion [**Doc. 29**] and Defendant Rice's request to waive their

appearance at the hearing.  Defendant Greg Boertje-Obed was present and represented himself with

Assistant Federal Defender Bobby Hutson serving as elbow counsel.

Defendant Rice moves [Doc. 26] the Court to continue the October 10 trial in this

1

case and to extend pretrial deadlines, contending that counsel needs additional time to litigate

complex pretrial issues, with the potential assistance of experts, while maintaining his practice as

a sole practitioner. Defendant Walli seeks [Doc. 28] to adopt this motion because he agrees with the

reasons necessitating a continuance and believes that they also apply to him. Defendant Boertje-

Obed asks [Doc. 27] the Court to continue the trial to give him time to review voluminous discovery

and to complete investigation and research necessary to respond to the charges.

At the hearing, Attorney Lloyd stated that this case involves significant and complex

issues, as reflected in the multiple charging instruments, and the potential for proffers of expert

evidence. He said that in order to provide effective assistance of counsel, he needed additional time

to prepare and litigate motions. Mr. Lloyd stated that he had advised Defendant Rice of her rights

under the Speedy Trial Act and that she understands her rights and has agreed to waive them. He

also informed the Court that Defendant broke both of her wrists in a fall and that this injury has

impeded her ability to communicate with counsel. Counsel stated that he anticipated that the

Government would be providing additional discovery and that he would need thirty to sixty days to

file dispositive motions.

Mr. Hutson argued on behalf of Defendant Boertje-Obed that the unique relationship

between himself as elbow counsel and the *pro se* Defendant created additional time constraints with

regard to the filing of motions. Mr. Hutson said that because the issues have changed with the filing

of new charges, Defendant Boertje-Obed needs additional time to investigate and conduct research.

Attorney Irwin stated that in addition to the reasons raised by counsel, he anticipated additional

discovery from a report by the Inspector General and from a Congressional hearing. Also, Mr. Irwin

stated that he needed to review the trial transcripts from earlier trials in this district arising out of

similar circumstances. Both Mr. Irwin and Defendant Boertje-Obed anticipated filing motions.

The Government argued that it did not object to a continuance to permit reasonable preparation for trial, but this case does not qualify as complex under the Speedy Trial Act. AUSA Kirby stated that the case involves three defendants and minimal discovery in comparison to other cases in this district. She said that she would be providing supplemental discovery that afternoon or the following Monday in an amount that was less than what she had already provided. She stated that this case does not involve novel issues of fact or law. Accordingly, the Government requested that the trial not be continued beyond February 2013.

Mr. Hutson explained that although the discovery already provided was not substantial, he expected additional discovery and that the parties would ultimately have to litigate whether the Defendants could discover additional materials beyond that. The parties agreed to a new trial date of February 26, 2012.

Defendant Walli's motion to join [**Doc. 28**] in the motions to continue is **GRANTED**. The Court finds the Defendants' motions to continue the October 10, 2012 trial date to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Defendants all seek additional time to prepare and litigate pretrial motions. The Court set a new motion deadline for **October 9, 2012**. Once any pretrial motions are filed, and the Government responds on or before **October 30, 2012**, the Court will need time to hear the motions. The Court scheduled a motion hearing for **November 20, 2012, at 9:30 a.m.** Following that hearing, the Court will need time, not to exceed thirty days, to prepare rulings or a report and recommendation on the motions. 18 U.S.C. § 3161(h)(1)(H). Once this Court rules on the motions, the parties will need time to file any objections, and the

District Court will need time to consider the objections and to rule.  Finally, the parties will need time to prepare for trial in light of the rulings on the pretrial motions.  The Court finds that all of this cannot take place by the current trial date of October 10 or in less than six months.  Thus, the Court finds that the failure to grant the Defendant's motions for a continuance would deny counsel the reasonable time necessary to prepare for trial effectively, even considering counsels' exercise of due diligence.  18 U.S.C. § 3161(h)(7)(B)(iv).

Although the Court finds that a continuance would further the ends of justice in this case, it does not find that the Defendants have shown that the case is complex for purposes of the Speedy Trial Act.  See 18 U.S.C. § 3161(h)(7)(B)(ii).  Additionally, the fact that Defendant Boertje-Obed has chosen to represent himself, despite the Court's strong admonition regarding the dangers of doing so, does not provide a basis for continuing the trial.  Thus, these reasons advanced by Defendants Rice and Boertje-Obed do not provide additional cause to continue the trial.

The Defendants' request to continue the trial is **GRANTED**, and the trial of this matter is reset to **February 26, 2013**.  The Court also finds, and the parties agree, that all the time between the filing of the Defendants' motions on **August 29, 2012**, and the new trial date of **February 26, 2012**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.  See 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B).  In addition to the new dates and deadlines mentioned above, the deadline for providing reciprocal discovery in this case is reset to **November 20, 2012**.  The deadline for concluding plea negotiations in this case is **January 25, 2013**.  The Court instructs the parties that all motions *in limine* must be filed no later than **February 11, 2013**.  Special requests for jury instructions shall be submitted to the District Court no later than **February 15**, **2013**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

4

Accordingly, it is **ORDERED**:

(1) Defendant Walli's Motion to Waive Appearance [**Doc. 29**] and Defendant Rice's oral motion to waive her appearance at the hearing are **GRANTED**;

(2) Defendant Walli's Motion to Adopt Co-defendant Rice's Motion to Continue [**Doc. 28**] is **GRANTED**;

(3) The Motion of the Defendant Megan Rice for a Continuance [**Doc. 26**] is **GRANTED in part**, in that the trial is continued. To the extent that this motion seeks to have the case declared complex for purposes of the Speedy Trial Act, it is **DENIED without prejudice** to refile if the proper showing can be made;

(4) Defendant Boertje-Obed's Motion to Continue [**Doc. 27**] is **GRANTED**;

(5) The trial of this matter is reset to commence on **February 26, 2013**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(6) All time between the filing of the motions on **August 29, 2012**, and the new trial date of **February 26, 2013**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(7) All pretrial motions must be filed on or before **October 9, 2012**;

(8) Responses to motions are due on **October 30, 2012**;

(9) The parties are to appear before the undersigned for a hearing on any pretrial motions on **November 20, 2012, at 9:30 a.m.**;

(10) The deadline for providing reciprocal discovery is also **November 20, 2012**;

(11) The plea negotiation cut-off deadline is set for **January 25, 2013;**

(12) All motions *in limine* must be filed no later than **February 11, 2013**; and

5

(13) Special requests for jury instructions supported by appropriate citations to authority shall be submitted to the District Court by **February 15, 2013**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

6