UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 3:12-CR-00107 |
| v. ) | |
| ) | Hon. Amul R. Thapar, USDJ |
| MICHAEL R. WALLI ) | Hon. C. Clifford Shirley, Jr., USMJ |
| MEGAN RICE ) | |
| GREG BOERTJE-OBED ) | |
| ) | |

**RENEWED MOTION OF THE DEFENDANTS TO DISMISS
COUNT ONE OF THE SUPERSEDING INDICTMENT,**

*I.     Introduction*

In response to an order of this Honorable Court, the Government has filed a Bill of Particulars, RE 98, Page ID #776-777, concerning the charge in this case that the Defendants violated section 2155(a) of the federal criminal code. The Bill of Particulars provides no real particulars, and very little information. Its vague language suggests that the Government cannot present evidence to prove beyond a reasonable doubt all of the elements of the offense. For this reason, and because of the Government's failure to comply with the Court's order requiring particularization, the Defendants submit this renewed motion to dismiss count one of the superseding indictment.

*II.     Argument*

Earlier in this case, the Defendants sought relief under FRCrimP 7(f). The Court, through Magistrate Judge Shirley, considered this application for relief, and, in a Memorandum and Order filed March 26, 2013, RE 90, Page ID #721-753, ordered the Government to file a bill

of particulars. The Court ruled that with respect to the charge in this case under 18 USC § 2155(a),

> The Court finds that under the unique circumstances of the instant case, the Government should clarify the harm to the national defense that it is alleging occurred or was attempted. One of the goals of a bill of particulars is to prevent surprise at trial. The Government proposes and this Court has employed. . . the following broad definition of national defense: "a generic concept of broad connotations, referring to the military and naval establishments and the related activities of national preparedness." The Government has argued that the Defendants' conduct implicated the "related activities of national preparedness." The Court finds that the Government should particularize the harm or attempted harm to related activities of national preparedness in order to prevent surprise at trial. The Government does not have to state what evidence it will use to prove this harm.

Memorandum and Order, RE 90, Page ID #733 (citations omitted). "The Defendants' alternative request for a bill of particulars contained within their motion to dismiss . . . is **GRANTED in part** in that the Government is **ORDERED** to provide a bill of particulars by **April 8, 2013**, stating the harm or attempted harm to the national defense." Memorandum and Order, RE 90 Page ID #734 (bold in original); *see also id.,* Page ID #753.

The Government's response to this order under FRCrimP 7(f) is nonresponsive, and even circular. The first part of the response alleges, "The defendants attempted to and did disrupt, injure, interfere with and obstruct operations at the Y-12 National Security Complex by intruding upon and damaging Y-12 property on July 28, 2012. These actions caused a significant institutional and security response, which did disrupt operations at Y-12." Bill of Particulars, RE 98, Page ID #776. This "particularization" is reminiscent of another example of governmental explanation, "Mistakes were made."

Section 2155(a) of Title 18, United States Code, in Chapter 105 of the federal criminal code, entitled "Sabotage," provides that it is a criminal offense punishable by a fine and

2

imprisonment for not more than 20 years for a person "with intent to injure, interfere with, or obstruct the national defense of the United States," to willfully injure, destroy, contaminate or infect, or attempt to willfully injure, destroy, contaminate or infect, any national-defense material, premises, or utilities. "National-defense material," "national-defense premises," and "national-defense utilities" are defined terms. 18 USC § 2151.

It can be seen from a comparison of this Bill of Particulars with the statute's statement of the elements of the criminal sabotage offense charged that in "particularizing" that the Defendants "attempted to and did disrupt, injure, interfere with and obstruct operations at [Y-12]," the government has done little more than to parrot some of the language of 18 USC § 2155(a). Moreover, the Bill of Particulars conflates the statutory language used to state the specific intent element of the offense, and the language that defines the prohibited conduct. The Government has the burden to prove beyond a reasonable doubt both that the Defendants had the intent "to injure, interfere with, or obstruct the national defense," and they did, or attempted to, injure, destroy, contaminate or infect an item of national-defense material, premises or utilities. Disruption, interference with operations, and obstruction of operations are not included within the conduct of injury, destruction, contamination and infection prohibited by § 2155(a). Disruption is also not included in the statute's statement of the specific intent element of the offense.

The second sentence in the Government's attempt at particularization, that the Defendants' actions "caused a significant institutional and security response, which did disrupt operations at Y-12," does not, therefore, even charge conduct or attempted conduct of willful injury, destruction, contamination or infection of any national-defense material, premises or utilities, as the statute requires. The last sentence offered by the Government in response to the

3

Court's command under Rule 7(f), "The operations at Y-12 are critical to the national defense of the United States," provides nothing to remedy this deficiency.

Thus is highlighted an aspect of what is fundamentally wrong about this heavy-handed attempt to use the criminal proscription of sabotage to punish alleged acts of trespass, civil disobedience, and impermanent vandalism. It is compounded by the Government's failure or refusal to respond in a meaningful way to the Court's command to "particularize the harm or attempted harm to related activities of national preparedness." All that the Bill of Particulars states in this regard is that what goes on at Y-12 is "critical to the national defense," that what goes on there includes a list of activities beginning with "maintaining, manufacturing, storing and refurbishing components of nuclear weapons and nuclear fuel for the United States military," and that actions of the Defendants provoked "a significant institutional and security response," which disrupted operations at Y-12. In other words, "the harm or attempted harm to related activities of national preparedness" concerning which the Government was ordered to provide particulars is now stated to consist of a "response" (by persons other than the Defendants) that was "significant" (one doubts that the Government would characterize its own conduct as insignificant), and was "institutional" (not individual?) and "security." In yet other words, the Government took over a page to state nothing. If the Government is stating that it intends to prove the intent element of the offense defined in § 2155(a), the "intent to injury, interfere with, or obstruct the national defense," by offering evidence that it reacted to the charged conduct of the Defendants to close security holes that ought not to have existed, then it has conceded by the very nonresponsiveness and intentional vagueness of its Bill of Particulars that it has no evidence of sabotage or attempted sabotage under 18 USC § 2155(a).

4

*III.    Conclusion*

The Government has failed or refused to meet its obligation under a judicial order to particularize how the charged conduct of the Defendants stated in count one of the superseding indictment harmed or attempted to harm activities of national preparedness related to the national defense of the United States.  When the Government seeks to put the liberty of three individuals at risk for a term of imprisonment of up to 20 years, it must do so in a fair and constitutional manner.  The Government's failure or refusal to do so in this case calls for this most serious charge to be dismissed.  Furthermore, the Government's Bill of Particulars on its face fails to allege a criminal offense that meets all of the elements required by the statute under which the charge was presented, likewise justifying dismissal of it.

If the Court determines that dismissal is not the appropriate remedy in this instance, then the Defendants request that the Government be ordered to provide immediately a bill of particulars that does comply with the Court's earlier Memorandum and Order.

Respectfully submitted,

s/ Francis L. Lloyd, Jr.
LAW OFFICE OF FRANCIS L. LLOYD, JR.
9111 Cross Park Drive
Suite D-200
Knoxville, TN  37923
tel:  (865) 470-4077
fax: (865) 978-6504
E-Mail:  FLLloydJr@gmail.com
   *Counsel for the Defendant*
   *Sr. Megan Rice*


s/ Christopher Scott Irwin
Christopher Scott Irwin
BPR #025478
POB 20363
Knoxville, TN 37920
(865) 257-4029

5

christopherscottirwin@yahoo.com
  *Counsel for Michael R. Walli*


/s William P Quigley
William P. Quigley, admitted pro hac vice
Loyola University New Orleans
7214 St. Charles Avenue
New Orleans, LA 70118
Quigley77@gmail.com
504-710-3074
  *Counsel for Michael R. Walli*


/s Bobby E. Hutson, Jr.
Federal Defender Services of Eastern Tennessee, Inc.
800 South Gay Street, Suite 2400
Knoxville, Tennessee 37929-9714
865-637-7979
bobby_hutson@fd.org
  *Standby Counsel for Greg Boertje-Obed*


CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all the parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

s/ Francis L. Lloyd, Jr.

6