IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:12-CR-107 |
| v. | ) | |
| | ) | (THAPAR/SHIRLEY) |
| MICHAEL R. WALLI, | ) | |
| MEGAN RICE, and | ) | |
| GREG BOERTJE-OBED | ) | |
| | ) | |
| Defendant. | ) | |

**PROPOSED JURY INSTRUCTIONS SUBMITTED BY DEFENDANTS**

Defendants submit the following proposed jury instructions. Defendants note the Court has not yet ruled on all the outstanding motions in this matter so reserve the right to amend these prior to trial after and as a result of the Court's ruling if necessary.

JURY INSTRUCTION #1: GOVERNMENT MUST PROVE EACH ELEMENT OF EACH CRIME CHARGED BEYOND A REASONABLE DOUBT

Defendants in this trial are each charged with three crimes or counts. In order to find them guilty of any of the three crimes, you must find them guilty beyond a reasonable doubt on all the elements of the crime they are accused of. Sixth Circuit Pattern Instructions, 103.4.

JURY INSTRUCTION #2: DEFINITION OF THE CRIME OF SABOTAGE

Count one of the indictment accuses each defendant of sabotage in violation of federal law. For you to find the defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

    A. First, that there was actual injury, interference and obstruction to the national defense of the United States;

    B. Second, that the defendant intended to injure, and interfere with and obstruct the national defense of the United States;

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.
    Sixth Circuit Pattern Instructions 2.02.


JURY INSTRUCTION #3: REQUIREMENT OF SPECIFIC INTENT TO INJURE THE NATIONAL DEFENSE OF THE UNITED STATES

In order to find the defendants guilty of the sabotage charge, COUNT ONE, the prosecution must prove beyond a reasonable doubt that the defendants specifically intended to injure the national defense of the United States. 18 U.S.C. § 2155.


JURY INSTRUCTION #4: COMMON SENSE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion. Sixth Circuit Pattern Instruction 1.05.


JURY INSTRUCTION #5: JUSTIFICATION

(1) One of the questions in this case is whether the defendant was justified in committing the crime. Here, unlike the other matters I have discussed with you, the defendant has the burden of proof.
(2) For you to return a verdict of not guilty because of a justification defense, the defendant must prove the following five factors by a preponderance of the evidence:
(A) First, that the defendant reasonably believed there was a present, imminent, and impending threat of death or serious bodily injury [to himself] [to another];
(B) Second, that the defendant had not recklessly or negligently placed himself [another] in a situation in which it was probable that he would be forced to choose the criminal conduct;
(C) Third, that the defendant had no reasonable, legal alternative to violating the law;
(D) Fourth, that the defendant reasonably believed his criminal conduct would avoid the threatened harm; and

(E) Fifth, that the defendant did not maintain the illegal conduct any longer than absolutely necessary.
(3) If the defendant proves by a preponderance of the evidence the five elements listed above, then you must find the defendant not guilty.
(4) Preponderance of the evidence is defined as "more likely than not." In other words, the defendant must convince you that the five factors are more likely true than not true.
  Sixth Circuit Pattern Instructions 6.07.


JURY INSTRUCTION #6:  JUSTICE

When interpreting any issue in this case, you are to do justice.  Remember that the goal of all legal proceedings is to do justice.  Preamble to the Constitution of the United States.


JURY INSTRUCTION #7:  THE FIRST AMENDMENT

The First Amendment states:
"Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances."


JURY INSTRUCTION #8:  DEFENSE OF CONSTITUTIONAL RIGHT UNDER INTERNATIONAL LAW

The defendants are raising issues of international law as part of their defense in this case. I will now give you several instructions on the use of international law in courts.

First of all, international law is binding on the United States of America by way of Article of VI of the United States Constitution, which states that all treaties made under the authority of the United States shall be the supreme law of the land.  This means that these international agreements have the same authority as the rest of the laws of the United States.  I will now read you the pertinent part of our Constitution:

"This constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and judges in every state shall be bound thereby, anything in the constitution or laws of any state to the contrary notwithstanding."
Article VI, Section 2, United States Constitution

JURY INSTRUCTION #9: CONSTITUTIONAL DEFENSE OF INTERNATIONAL LAW:

The Supreme Court has recognized that international law is part of our law:
"International law is part of our law and must be ascertained and administered by the courts of justice of appropriate jurisdiction as often as questions of right depending upon it are duly presented for their consideration."
Quote from U.S. Supreme Court in the Paquete Habana, 175 U.S. 677, 700, 20 S Ct 290 (1900).


JURY INSTRUCTION #10: INTERNATIONAL LAW APPLIES TO THE USE OF THE PROPERTY THAT WAS ALLEGEDLY DAMAGED

The Rules and Precepts of the law of nations, including the four Geneva Conventions, apply to the conduct of war.
    Hamdan v. Rumsfeld, 126 S.Ct. 2749, 2786 (2006).


JURY INSTRUCTION #11: CONSTITUTIONAL DEFENSE OF INTERNATIONAL LAW: NUREMBURG PRINCIPLES

In 1945, after the completion of World War II, the US and several other nations signed an agreement to prosecute the people who committed war crimes during that war. This agreement was called the Nuremburg Principles and it was made law by Congress. It is binding upon the government of the United States, its military and civilians.
    Nuremburg Principles, codified in 59 U.S. Statutes 1544, Article VI (1945).


JURY INSTRUCTION #12: CONSTITUTIONAL DEFENSE OF INTERNATIONAL LAW: NUREMBURG PRINCIPLES

Under international law, the very essence of the Nuremburg Charter is that individuals have international law duties to prevent crimes against humanity which transcend the national obligations of obedience imposed by the individual state.
    U.S. v. Goering et al, 6 Federal Rules Decisions 69 (1946) - The Nuremburg Trial, at page 110.

JURY INSTRUCTION #13: CONSTITUTIONAL DEFENSE OF INTERNATIONAL LAW: NUREMBURG PRINCIPLES

The defendants have raised the defense of justification under the Nuremburg Principles. Under these principles, an individual with knowledge of war crimes, crimes against peace, or crimes against humanity may have an obligation to act. No domestic laws, federal or state, can excuse individuals from their obligations to seek an end to such violations of law.
War crimes, crimes against the peace and crimes against humanity are defined in the next instruction. Under these principles, if you find, by preponderance of evidence that: 1) the defendants in this case had a reasonable belief that the refurbishment of nuclear weapons was a violation of international law, and 2) that the defendants actions proven in this case were a reasonable way, under the circumstances of either: a) seeking to terminate the international crime itself; or b) terminating complicity in the international crime, then you must find them not guilty.
      U.S. v Goering et al, 6 Federal Rules Decisions 69 (1946)- The Nuremburg Trial, at page 110. Nuremburg Principles, codified in 59 U.S. Statutes 1544, Article VI (1945).


JURY INSTRUCTION #14: CONSTITUTIONAL DEFENSE OF INTERNATIONAL LAW: NUREMBURG PRINCIPLES

a.      Under the Nuremburg Tribunal, any person, whether a member of the armed forces or a civilian who commits any of the following acts during peace or war commits a crime against international law:
i.      Crimes against peace: namely planning, preparation initiation or waging of a war of aggression, or a war in violation of international treaties, agreements or assurances, or participation in a common plan or conspiracy of any of the foregoing.
ii.      War crimes: namely, violations of the laws or customs of war. Such violations shall include, but not be limited to, wanton destruction of cities, towns or villages or devastation not justified by military necessity.
iii.      Crimes against humanity: namely, murder, extermination and other inhumane acts committed against any civilian population, before or during the war.
Conspiracy, direct incitement, and attempts to commit, as well as complicity in the commission of crimes against the peace, crimes against humanity and war crimes are all violations of international law.
The fact that domestic law does not impose a penalty for an act which constitutes a crime under international law is not a defense to a crime against international law.
Nuremburg Principles, codified in 59 U.S. Statutes 1544, Article VI (1945).

JURY INSTRUCTION #15: DEFINITION OF WAR CRIME

The definition of a war crime is set out in the statutes of the United States at 18 U.S.C. § 2441. The law reads as follows:

(a) Offense.--Whoever, whether inside or outside the United States, commits a war crime, in any of the circumstances described in subsection (b), shall be fined under this title or imprisoned for life or any term of years, or both, and if death results to the victim, shall also be subject to the penalty of death.

(b) Circumstances.--The circumstances referred to in subsection (a) are that the person committing such war crime or the victim of such war crime is a member of the Armed Forces of the United States or a national of the United States (as defined in section 101 of the Immigration and Nationality Act).

(c) Definition.--As used in this section the term 'war crime' means any conduct--
(1) defined as a grave breach in any of the international conventions signed at Geneva 12 August 1949, or any protocol to such convention to which the United States is a party;
(2) prohibited by Article 23, 25, 27, or 28 of the Annex to the Hague Convention IV, Respecting the Laws and Customs of War on Land, signed 18 October 1907;
(3) which constitutes a violation of common Article 3 of the international conventions signed at Geneva, 12 August 1949, or any protocol to such convention to which the United States is a party and which deals with non-international armed conflict; or
(4) of a person who, in relation to an armed conflict and contrary to the provisions of the Protocol on Prohibitions or Restrictions on the Use of Mines, Booby-Traps and Other Devices as amended at Geneva on 3 May 1996 (Protocol II as amended on 3 May 1996), when the United States is a party to such Protocol, willfully kills or causes serious injury to civilians.


JURY INSTRUCTION #16: GENOCIDE

The definition of genocide is set out in the statutes of the United States at 18 U.S.C. § 1091. The law reads as follows:
(a) Basic offense.--Whoever, whether in time of peace or in time of war, in a circumstance described in subsection (d) and with the specific intent to destroy, in whole or in substantial part, a national, ethnic, racial, or religious group as such--
(1) kills members of that group;
(2) causes serious bodily injury to members of that group;

(3) causes the permanent impairment of the mental faculties of members of the group through drugs, torture, or similar techniques;
(4) subjects the group to conditions of life that are intended to cause the physical destruction of the group in whole or in part;
(5) imposes measures intended to prevent births within the group; or
(6) transfers by force children of the group to another group;
or attempts to do so, shall be punished as provided in subsection (b).

(b) Punishment for basic offense.--The punishment for an offense under subsection (a) is-(1) in the case of an offense under subsection (a)(1) where death results, by death or imprisonment for life and a fine of not more than $1,000,000, or both; and
(2) a fine of not more than $1,000,000 or imprisonment for not more than twenty years, or both, in any other case.

(c) Incitement offense.--Whoever in a circumstance described in subsection (d) directly and publicly incites another to violate subsection (a) shall be fined not more than $500,000 or imprisoned not more than five years, or both.

(d) Required circumstance for offenses.--The circumstance referred to in subsections (a) and (c) is that--
(1) the offense is committed within the United States; or
(2) the alleged offender is a national of the United States (as defined in section 101 of the Immigration and Nationality Act (8 U.S.C. 1101)).

(e) Nonapplicability of certain limitations.--Notwithstanding section 3282 of this title, in the case of an offense under subsection (a)(1), an indictment may be found, or information instituted, at any time without limitation.


JURY INSTRUCTION # 17:  THE PROPERTY AT ISSUE IS USED TO CREATE REFURBISH AND MAINTAIN NUCLEAR WEAPONS

The government has charged these defendants with criminal damage to property.  You have heard evidence that the property in question is part of the process which creates thermonuclear weapons intended to inflict many times the devastation of the bomb dropped on Hiroshima.  You are allowed to consider the impact of these weapons and to determine whether these weapons are a violation of the laws against war crimes or an attempt at genocide, which will be defined for you shortly.  If you find that these defendants justly acted to point out an illegal and criminal US weapon of mass destruction, genocide, or a war crime you must find them not guilty.

JURY INSTRUCTION # 18: DEFENSE OF OTHERS

A person in good faith who reasonably believes another person is in imminent danger of death or serious bodily harm may take reasonably necessary action to protect that person.
    U.S. v. Sanchez-Lima, 161 F.3d 545, 549 (9th Cir. 1998).


JURY INSTRUCTION #19: PREVENTION OF A CRIME

A person who reasonably believes that a felony, or a misdemeanor amounting to a breach of the peace, is being committed, or is about to be committed, in her presence, may use reasonable force to prevent it.
    1W. LaFave & A. Scott, Substantive Criminal Law § 5.10(c), at 683 (1986).


JURY INSTRUCTION #20: DEFENDANT REPRESENTING SELF

Defendants in this case have a constitutional right to defend themselves and you should draw no positive or negative conclusions about their guilt or innocence because one chose to exercise his constitutional right to represent himself.


JURY INSTRUCTION #21: GOOD FAITH MISUNDERSTANDING OF LAW

A good-faith misunderstanding of the law or a good-faith belief that one is not violating the law negates willfulness, whether or not the claimed belief or misunderstanding is objectively reasonable.
    Cheek v U.S., 498 U.S. 192, 111 S.Ct. 604, 607-608 (1991).

        Respectfully submitted,

        /s William P Quigley
        William P. Quigley, admitted pro hac vice
        Loyola University New Orleans
        7214 St. Charles Avenue
        New Orleans, LA 70118
        Quigley77@gmail.com
        504-710-3074
          *Counsel for Michael R. Walli*

        s/ Christopher Scott Irwin

Christopher Scott Irwin
BPR #025478
POB 20363
Knoxville, TN 37920
(865) 257-4029
christopherscottirwin@yahoo.com
   *Counsel for Michael R. Walli*

s/ Francis L. Lloyd, Jr.
LAW OFFICE OF FRANCIS L. LLOYD, JR.
9111 Cross Park Drive
Suite D-200
Knoxville, TN 37923
tel: (865) 470-4077
fax: (865) 978-6504
E-Mail: FLLloydJr@gmail.com
   *Counsel for Sr. Megan Rice*

/s Bobby E. Hutson, Jr.
Federal Defender Services of Eastern Tennessee, Inc.
800 South Gay Street, Suite 2400
Knoxville, Tennessee 37929-9714
865-637-7979
bobby_hutson@fd.org
   *Standby Counsel for Greg Boertje-Obed*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all the parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

s/ William P. Quigley