UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 3:12-CR-107 |
| | ) | |
| v. | ) | JUDGES THAPAR/SHIRLEY |
| | ) | |
| MICHAEL R. WALLI, | ) | |
| MEGAN RICE, and | ) | |
| GREG BOERTJE-OBED, | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE TO PROFESSOR BERMAN'S FRIEND-OF-THE-COURT BRIEF**

The United States of America hereby responds to the friend-of-the-court brief submitted by Professor Douglas A. Berman. (R. 317, Friend-of-the-Court Brief.) The Court requested that brief to assist it in determining whether the "heartland" of an offense should be defined by "(1) the United States' charging decisions (that is, the type of defendant or crime the United States charges under a particular statute) or (2) the intentions of Congress and the Sentencing Commission." (R. 299, Minute Entry Order at 10.) Professor Berman rejects the premise of the Court's question and contends that "it would be improper for a district court to have its heartland analysis primarily informed by general prosecutorial practices or by the general intent of Congress or the Sentencing Commission." (R. 317, Friend-of-the-Court Brief at 3.) However, Professor Berman's understanding of the "heartland" of an offense is both inconsistent with the way in which that term is defined in the Guidelines and with the way in which it has been discussed by the Supreme Court and the Sixth Circuit.

The Guidelines define the "heartland" of a particular offense guideline as the "set of typical cases embodying the conduct that [the] guideline describes." U.S.S.G. Ch. 1, Pt. A, intro. comment. 4(b). To identify those typical cases, a district court must consider both the intent of the Sentencing Commission in crafting the offense guideline and the facts of the prior cases in which that offense guideline has been applied.

The reason that the Sentencing Commission's intent is relevant is because of the purpose that the "heartland" concept is meant to serve in the sentencing court's departure analysis. The Sentencing Commission crafts a specific offense guideline to ensure that the sentence recommended by that guideline will, in the typical case—*i.e.*, the "heartland"—be sufficient, but no greater than necessary, to achieve the sentencing objectives in 18 U.S.C. § 3553(a). *E.g.*, *Rita v. United States*, 551 U.S. 338, 349-50 (2007). A departure (or variance) is authorized for cases outside that "heartland" because those are the cases involving factual scenarios for which the Sentencing Commission did not fully balance the § 3553(a) factors and for which the advisory Guidelines range do not provide a presumptively reasonable sentence. Thus, as properly understood, the "heartland" of an offense is simply a short-hand way of referencing the cases to which the Sentencing Commission intended the offense guideline be applied. *See Kimbrough v. United States*, 552 U.S. 85, 109 (2007) ("[A] district court's decision to vary from the advisory Guidelines may attract greatest respect when the sentencing judge finds a particular case 'outside the "heartland" to which the Commission *intends* individual Guidelines to apply.'" (quoting *Rita*, 551 U.S. at 351) (emphasis added)); *United States v. Flack*, 392 F. App'x 467, 471-72 (6th Cir. 2010) ("The primary issue [in determining whether a departure was appropriate] is whether Flack's conduct fits within the conduct *contemplated* by the Guidelines." (emphasis added)).

To identify those typical cases for which the Sentencing Commission created a particular offense guideline, however, a sentencing court must consider the cases in which the underlying

2

offense has ordinarily been prosecuted. That again is due to the nature in which the Sentencing Commission operates. The Sentencing Commission crafts offense guidelines by considering the sentencing practices of judges in cases where the underlying offense has been committed. *E.g.*, *Rita*, 551 U.S at 350. Accordingly, the Supreme Court has explained that "[w]hether a given factor is present to a degree not adequately considered by the Commission, or whether a discouraged factor nonetheless justifies departure because it is present in some unusual or exceptional way, are matters determined *in large part by comparison with the facts of other Guidelines cases.*" *Koon v. United States*, 518 U.S. 81, 98 (1996) (emphasis added).

In short, contrary to Professor Berman's suggestion, the "heartland" of an offense guideline is best understood in light of both the Sentencing Commission's intent in crafting the guideline and the cases in which the underlying offense has previously been prosecuted. Because the defendants' conduct in this case falls within the "heartland" of U.S.S.G. § 2M2.3 and because defendants have not identified any aspect of their conduct that has not adequately been taken into consideration by the Sentencing Commission when crafting that guideline, this Court should, like the Sentencing Commission, find that the 18 U.S.C. § 3553(a) sentencing objectives would be achieved by within-Guidelines sentences for defendants. (*See generally* R. 271, Consolidated Sentencing Memorandum and Response to Defendants' Motions for Downward Departure and/or Variance.)

Respectfully submitted this 18th day of February, 2014.

                                                   WILLIAM C. KILLIAN
                                                   United States Attorney

By:   **s/ Jeffrey E. Theodore**
       Jeffrey E. Theodore
       Assistant United States Attorney
       800 Market Street, Suite 211
       Knoxville, Tennessee 37902
       (865) 545-4167

## CERTIFICATE OF SERVICE

       I hereby certify that, on February 18, 2014, the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                            By:    *s/ **Jeffrey E. Theodore***
                                      Jeffrey E. Theodore
                                      Assistant United States Attorney

4

Case 3:12-cr-00107-ART-CCS   Document 319   Filed 02/18/14   Page 4 of 4   PageID #: 4275